[Cite as *State v. Adams*, 2012-Ohio-432.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 11 MA 65 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| DuJUAN ADAMS, | ) | JUDGMENT ENTRY |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:       Application for Reconsideration,
Criminal Appeal from Common Pleas
Court, Case No. 00 CR 102.

JUDGMENT:                                            Application Denied.

APPEARANCES:
For Plaintiff-Appellee:                         Attorney Paul J. Gains
Prosecuting Attorney
Attorney Ralph M. Rivera
Asst. Prosecuting Attorney
21 W. Boardman Street, 6th Floor
Youngstown, OH  44503

For Defendant-Appellant:                    DuJuan Adams, Pro-se
#395-935
Trumbull Correctional Institution
5701 Burnett Road
P.O. Box 901
Leavittsburg, OH  44430

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: January 31, 2012

PER CURIAM:

{¶1} Appellee, the State of Ohio, has filed a timely application for reconsideration regarding our December 9, 2011 opinion, *State v. Adams*, 7th Dist. No. 11 MA 65, 2011-Ohio-6428, which affirmed in part and reversed in part the judgment of the trial court, and remanded the cause for a corrected judgment entry and for the trial court to hold a limited resentencing hearing pursuant to R.C. 2929.191(C). Appellee urges us to reconsider our decision because the remedy we prescribed in *Adams* conflicts with that in *State v. Davis*, 7th Dist. No. 10 MA 160, 2011-Ohio-6025, a case released 20 days before *Adams*. Appellant has not filed a response to the reconsideration motion.

{¶2} Pursuant to App.R. 26(A), a party may file an application for reconsideration of an appellate court decision. The standard for reviewing an application for reconsideration is whether the application calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been. *Juhasz v. Costanzo*, 7th Dist. No. 99CA294, 2002-Ohio-553. "A motion for reconsideration is 'a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law[.]'" *Scott v. Falcon Transport Co.*, 7th Dist. No. 02CA145, 2004-Ohio-389, ¶3, quoting *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). "Reconsideration motions are rarely considered when the movant simply disagrees with the conclusions reached and the logic used by an appellate court." *Victory White Metal Co. v. N.P. Motel Syst.*, 7th Dist. No. 04MA245, 2005-Ohio-3828, ¶2.

{¶3} Appellee asserts that the "obvious error" in *Adams* is the imposition of a remedy that conflicts with that imposed by this court in *Davis*. However, *Davis* and the case upon which it relied, *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, are distinguishable from *Adams* with respect to the date of sentencing. Although the legislature intended R.C. 2929.191 to apply to defendants sentenced prior to July 11, 2006, in *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, the Ohio Supreme Court rejected such retrospective application. *Singleton* at ¶26.

Only "sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose post-release control, trial courts shall apply the procedures set forth in R.C. 2929.191." *Singleton* at paragraph two of the syllabus.

{¶4} Davis and Fischer were sentenced before July 11, 2006 and Adams was sentenced afterward. Consequently, we properly applied the correction mechanism in R.C. 2929.191(C) to Adams' sentence, while the Fischer and Davis opinions could not.

{¶5} Further, as we explained in our opinion, R.C. 2929.191 applies to Adams even though he was originally sentenced prior to July 11, 2006, because he received a de novo *Foster* resentencing well after that date, on October 20, 2006. *Adams* at ¶16, citing *State v. Craddock*, 8th Dist. No. 94387, 2010-Ohio-5782. *See generally State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶6} R.C. 2929.191(C) requires a limited resentencing hearing regardless of whether the error took place in the sentencing entry or the sentencing hearing or both:

> On and after July 11, 2006, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section *shall not issue the correction until after the court has conducted a hearing in accordance with this division*. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement

as to whether the court should issue a correction to the judgment of conviction.

(Emphasis added.)

**{¶7}** We must apply the statute as written. Further, the statute provides that the limited resentencing hearing may take place via videoconferencing equipment, if available, by motion of either party or by the trial court's own motion. *Id.*

**{¶8}** Based on the foregoing, Appellee's application for reconsideration is denied.

DeGenaro, J., concurs.

Donofrio, J., concurs.

Vukovich, J., concurs.