[Cite as *State v. Whitted*, 2012-Ohio-1695.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.  11 MA 25 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| MICHAEL J. WHITTED, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Common Pleas
                               Court, Case No. 10 CR 757.

JUDGMENT:                      Affirmed in part; reversed in part and
                               remanded for a limited resentencing
                               hearing.

APPEARANCES:
For Plaintiff-Appellee:        Attorney Paul J. Gains
                               Prosecuting Attorney
                               Attorney Ralph M. Rivera
                               Assistant Prosecuting Attorney
                               21 W. Boardman St., 6th Floor
                               Youngstown, OH  44503

For Defendant-Appellant:       Attorney Jan Mostov
                               839 Southwestern Run
                               Youngstown, OH  44514

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich

                               Dated:  March 26, 2012

DeGenaro, J.

{¶1} Defendant-Appellant, Michael Whitted, appeals the January 4, 2011 judgment of the Mahoning County Court of Common Pleas convicting him of one count of harassment with a bodily substance, and two counts of vandalism, and sentencing him accordingly. Whitted argues that the trial court erred by failing to properly inform him about his post-release control. The State concedes the error.

{¶2} Whitted's argument is meritorious. The trial court failed to properly inform Whitted of the ramifications of violating his post-release control. Because he was sentenced on January 4, 2011, pursuant to *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, Whitted is subject to the sentence-correction mechanism of R.C. 2929.191. Accordingly, the judgment of the trial court is affirmed in part, reversed in part, and the case remanded for a limited resentencing hearing and judgment entry to correct the post-release control defect pursuant to R.C. 2929.191(C).

## Facts and Procedural History

{¶3} On July 22, 2010, Whitted was indicted by the Mahoning County Grand Jury on one count of harassment with a bodily substance (R.C. 2921.38(A)(D)), a fifth-degree felony; and two counts of vandalism (R.C. 2909.05(B)(2)(E)), both fifth-degree felonies. Whitted was accused of throwing a bodily substance at a Sheriff's Deputy, and causing physical harm to Sherriff's Department property.

{¶4} Whitted initially pled not guilty and counsel was appointed. Subsequently, Whitted entered into a plea agreement with the State in which he agreed to plead guilty to the indicted charges, and in exchange the State agreed to stand silent with respect to sentencing. At the October 20, 2010 plea hearing, Whitted stipulated to his competency, which had been challenged earlier in the proceedings. The trial court engaged in a colloquy with Whitted regarding the rights he would give up by pleading guilty. At the end of the hearing, the court accepted Whitted's plea as knowingly, voluntarily and intelligently made. A pre-sentence investigation was ordered and prepared.

{¶5} At Whitted's December 29, 2010 sentencing hearing, the State kept its promise to stand silent. Defense counsel asked the trial court to depart from the recommendation in the PSI that Whitted should be sentenced to prison time. Whitted

made a brief statement, apologizing for his conduct, and stating that he had learned his lesson while in jail.  The victim was not present and made no statement. The trial court sentenced Whitted to three twelve month consecutive terms for an aggregate 36 month sentence.  The trial court gave Whitted credit for the 116 days he had served along with future days while he awaited transportation to the appropriate state institution.  The trial court informed Whitted that upon completion of his sentence he "could be subject to a period of post-release control for up to three years."  However, the trial court did not inform Whitted of the consequences of violating post-release control.

{¶6}    The trial court's January 4, 2011 sentencing entry stated the following regarding post-release control:

{¶7}    "It is further Ordered that the terms imposed for Counts One, Two, and Three be served consecutively to one another for a total of THIRTY-SIX (36) MONTHS in prison, followed by an optional period of post-release control for THREE (3) YEARS to be monitored by the Adult Parole Authority."  The sentencing entry stated that Whitted had "been given notice under R.C. 2929.19(B)(3)," however the sentencing entry itself mentioned nothing about the consequences of violating post-release control.

{¶8}    On March 7, 2011, this court granted Whitted leave for a delayed appeal and appointed counsel.  On June 21, 2011, counsel filed a no-merit brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967); and *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (1970).  Whitted failed to file a pro-se brief.  On September 16, 2011, this court issued a judgment entry explaining that we had determined a possible issue for review.  We granted Whitted 30 days "to file a brief analyzing whether Appellant was properly notified of the ramifications of violating post-release control pursuant to R.C. 2929.19(B)(3)(e). * * *."  On November 21, 2011, Whitted, via his counsel, filed a brief per this court's instructions.  The next day, the State filed a "Confession of Judgment," conceding the post-release control error.

## Post-release Control

{¶9}    In his sole assignment of error, Whitted asserts:

{¶10}   "The trial court's failure to advise Defendant-Appellant at his sentencing

hearing of the consequences for violating the conditions of post-release control was prejudicial error and contrary to law, and requires vacating the sentence and remanding for resentencing and for the trial court to properly advise Defendant-Appellant concerning the aforesaid consequences."

**{¶11}** R.C. 2967.28(C) requires that a sentencing court imposing "any sentence to a prison term for a felony of the third, fourth, or fifth degree * * * *shall* include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender." R.C. 2929.19(B)(3)(e) additionally mandates that a trial court notify a defendant at sentencing that if he violates a condition of post-release control, as a consequence, the parole board may impose a prison term as part of the sentence of up to one-half of the stated prison term originally imposed upon the defendant.

**{¶12}** Here the trial court failed to notify Whitted about the consequences of violating post-release control at the sentencing hearing, and also failed to include that information in the sentencing entry.

**{¶13}** In *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, the Ohio Supreme Court held that for "sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose post-release control, trial courts shall apply the procedures set forth in R.C. 2929.191." *Id.* at paragraph two of the syllabus. Further, in *Singleton*, the Court specifically recognized that R.C. 2929.191 does not afford de novo sentencing hearings for defendants sentenced after July 11, 2006, but rather that the resentencing pertains only to the flawed imposition of post-release control. *Id.* at ¶24.

**{¶14}** Whitted was sentenced on January 4, 2011, and is thus subject to the sentence-correction mechanism of R.C. 2929.191:

> At any time before the offender is released from imprisonment under
> that term and at a hearing conducted in accordance with division (C) of this

section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison. * * *

Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. * * * At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction. R.C. 2929.191(A)(1), and (C).

{¶15} The State asserts in its "Confession of Judgment," that instead of remanding for a limited resentencing hearing, this court should modify Whitted's sentence and issue a limited remand directing the trial court to correct the sentencing entry regarding post-release control, pursuant to *State v. Davis*, 7th Dist. No. 10 MA 160, 2011-Ohio-6025. *Davis* is distinguishable for two reasons. First, *only* the sentencing entry was deficient. *Id.* at ¶5: "Appellant [Davis] acknowledges that he was properly informed about post-release control at [the sentencing] hearing." Second, the sentencing entry in *Davis* was issued December 14, 2005, before the July 11, 2006 effective date of R.C. 2929.191. Thus, Davis could not avail himself of the correction mechanisms of R.C. 2929.191, and this court properly remanded the case for the trial court to correct the sentencing judgment entry to include the omitted post-release control advisement without a hearing. *Davis* at ¶13; *State v. Adams*, 7th Dist. No. 11 MA 65, 2012-Ohio-432 (Denying the State's motion for reconsideration; distinguishing *Davis* and *State v. Adams*, 7th Dist. No. 11 MA 65, 2011-Ohio-6428 because Davis was sentenced before July 11, 2006 and Adams was sentenced after)

{¶16} By contrast, not only did the trial court omit post-release control from its sentencing entry, it also fell short of the statutory notification requirements during the

sentencing hearing. R.C. 2929.19(B)(3)(e). As the Eighth District recently explained:

> Appellant is entitled to a hearing where postrelease control can be properly imposed. See *Singleton*; *State v. Kelley*, Cuyahoga App. Nos. 94487 and 94488, 2011-Ohio-88; *State v. Nicholson*, Cuyahoga App. No. 95327, 2011-Ohio-14. The trial court had an affirmative obligation under R.C. 2929.19(B)(3)(e) to inform appellant that he could face up to one-half of his originally stated prison term for violating his postrelease control. The trial court's failure to provide the required notice under R.C. 2929.19(B)(3)(e) cannot be corrected by the trial court's inclusion of the language in its sentencing journal entry. *State v. Minite*, 8th Dist. No. 95699, 2011-Ohio-3585, ¶16.

{¶17} Pursuant to R.C. 2929.191, *Singleton, Adams* and *Minite,* Whitted's sole assignment of error is meritorious. Whitted is entitled to a resentencing hearing regarding the sole issue of post-release control, along with a corrected sentencing entry with the proper post-release control advisement. Accordingly, the judgment of the trial court is affirmed in part, reversed in part, and the case is remanded for further proceedings pursuant to R.C. 2929.191(C).

Waite, P.J., concurs.

Vukovich, J., concurs.