[Cite as *State v. Maxwell*, 2012-Ohio-1807.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2011-0038 |
| ARYON MAXWELL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
Pleas, Case No.  CR2005-0223


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    April 23, 2012


APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

D. MICHAEL HADDOX        ARYON L. MAXWELL
PROSECUTING ATTORNEY        PRO SE
RON WELCH        Post Office Box 7010
ASSISTANT PROSECUTOR        Chillicothe, Ohio  45601
27 North Fifth Street, P. O. Box 189
Zanesville, Ohio  43702-0189

*Wise, J.*

{¶1} Defendant-Appellant Aryon Maxwell appeals the decision of the Court of Common Pleas, Muskingum County, which overruled his motion for a new sentencing hearing. The relevant facts leading to this appeal are as follows.

{¶2} On or about February 16, 2006, Appellant Maxwell was found guilty in the Muskingum Court of Common Pleas of one count of aggravated burglary with firearm specification, a felony of the first degree, and one count of theft of a firearm, a felony of the third degree. On April 10, 2006, appellant was sentenced to a total of 16 years in prison. However, at the time of sentencing, the trial court failed to properly notify appellant of his post release control ("PRC") requirements in the sentencing entry. In particular, the trial court incorrectly stated in the sentencing entry that PRC was mandatory "up to" five years, rather than a straight five years.

{¶3} On April 25, 2011, appellant filed a "Motion for De Novo Re-Sentencing" based on a claim of improper PRC notification. On July 21, 2011, the trial court effectively denied the request for a de novo hearing and instead addressed appellant's motion via a nunc pro tunc sentencing entry, concluding in pertinent part as follows:

{¶4} "When the trial court has orally informed the defendant of post-release control, but the post-release control language is not recorded in the judgment entry, the proper remedy is to add the omitted post-release control language by using an entry nunc pro tunc after the hearing. ***. The Transcript of Proceedings reflects that the Defendant was properly notified of his PRC term and conditions during the sentencing hearing, a fact not adequately reflected by the judgment entry. Under these facts, a de

novo sentencing hearing is inappropriate and a nunc pro tunc entry is the proper remedy to correct such a clerical error." Judgment Entry at 1-2.

{¶5} On August 16, 2011, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶6} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT APPELLANT A DE NOVO SENTENCING HEARING TO CORRECT A VOID SENTENCE."

I.

{¶7} In his sole Assignment of Error, appellant contends the trial court erred in declining to grant him a de novo sentencing hearing upon his motion. We disagree.

{¶8} R.C. 2929.191 reads in pertinent part as follows:

{¶9} "(A)(1) If, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in division (B)(2)(c) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (D)(1) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison.

{¶10} "If, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in division (B)(2)(d) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (D)(2) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison.

{¶11} "(2) If a court prepares and issues a correction to a judgment of conviction as described in division (A)(1) of this section before the offender is released from imprisonment under the prison term the court imposed prior to July 11, 2006, the court shall place upon the journal of the court an entry nunc pro tunc to record the correction to the judgment of conviction and shall provide a copy of the entry to the offender or, if the offender is not physically present at the hearing, shall send a copy of the entry to the department of rehabilitation and correction for delivery to the offender. If the court sends a copy of the entry to the department, the department promptly shall deliver a copy of the entry to the offender. The court's placement upon the journal of the entry nunc pro tunc before the offender is released from imprisonment under the term shall be considered, and shall have the same effect, as if the court at the time of original sentencing had included the statement in the sentence and the judgment of conviction

entered on the journal and had notified the offender that the offender will be so supervised regarding a sentence including a prison term of a type described in division (B)(2)(c) of section 2929.19 of the Revised Code or that the offender may be so supervised regarding a sentence including a prison term of a type described in division (B)(2)(d) of that section.

{¶12} "(B)(1) If, prior to July 11, 2006, a court imposed a sentence including a prison term and failed to notify the offender pursuant to division (B)(2)(e) of section 2929.19 of the Revised Code regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control or to include in the judgment of conviction entered on the journal a statement to that effect, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that if a period of supervision is imposed following the offender's release from prison, as described in division (B)(2)(c) or (d) of section 2929.19 of the Revised Code, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code the parole board may impose as part of the sentence a prison term of up to one-half of the stated prison term originally imposed upon the offender.

{¶13} "(2) If the court prepares and issues a correction to a judgment of conviction as described in division (B)(1) of this section before the offender is released from imprisonment under the term, the court shall place upon the journal of the court an entry nunc pro tunc to record the correction to the judgment of conviction and shall

provide a copy of the entry to the offender or, if the offender is not physically present at the hearing, shall send a copy of the entry to the department of rehabilitation and correction for delivery to the offender. If the court sends a copy of the entry to the department, the department promptly shall deliver a copy of the entry to the offender. The court's placement upon the journal of the entry nunc pro tunc before the offender is released from imprisonment under the term shall be considered, and shall have the same effect, as if the court at the time of original sentencing had included the statement in the judgment of conviction entered on the journal and had notified the offender pursuant to division (B)(2)(e) of section 2929.19 of the Revised Code regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control."

**{¶14}** "(C) On and after July 11, 2006, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing.

At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction."

**{¶15}** However, "[a]lthough the legislature intended R.C. 2929.191 to apply to defendants sentenced prior to July 11, 2006, in *State v. Singleton,* 124 Ohio St.3d, 2009-Ohio-6434, the Ohio Supreme Court rejected such retrospective application." *State v. Adams,* Mahoning App.No. 11 MA 65, 2012-Ohio-432, ¶ 3. The Ohio Supreme Court has held, subsequent to *Singleton,* that if a defendant is under a sentence in which post-release control was not properly rendered, only the offending portion of the sentence dealing with post-release control is subject to review and correction. See *State v. Fischer,* 128 Ohio St.3d 92, 942 N.E.2d 332, 2010–Ohio–6238. The new sentencing hearing to which the offender is entitled is limited to the issue of post-release control. *Id.* In light of *Fischer*, we have rejected the argument that a PRC resentencing proceeding requires a de novo hearing. See *State v. McPherson,* Licking 10–CA–99, 2011–Ohio–1020. Regardless of whether common law or R.C. 2929.191 applies, the mere lack of PRC notice never entitles a defendant to a "full de novo sentencing hearing." See *State v. Oweis*, Delaware App.No. 11CAA060050, 2012-Ohio-443, ¶ 13, citing *State v. Davis,* Washington App.No. 10 CA 9, 2011–Ohio–6776, ¶ 8.

**{¶16}** In the case sub judice, appellant acknowledges the rule set forth in *Fischer*; however, appellant directs us to the decision of the Eighth District Court of Appeals in *State v. Harris*, Cuyahoga App.No. 95097, 2011-Ohio-1072, wherein the court, distinguishing between "misstat[ing] the nature or the length of postrelease control" and "fail[ing] to advise *** of the consequences of violating postrelease

control," held that a remand for a de novo hearing was warranted as described in *State v. Singleton, supra.* See *Harris* at ¶ 13. In the case sub judice, appellant maintains that the trial court, in the sentencing entry, did not provide him with a proper PRC term notification and did not properly advise him of the consequences of violating PRC, thus mandating a de novo resentencing. See Appellant's Brief at 4. However, we are aware of no adoption by this Court of the rationale of *Harris* in this regard, and we decline to do so now.

{¶17} Furthermore, subsequent to the date of oral arguments in the case sub judice, the Ohio Supreme Court decided the case of *State v. Qualls*, --- N.E.2d ---, 2012-Ohio-1111, holding as follows at the syllabus: "When a defendant is notified about postrelease control at the sentencing hearing, but notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry and the defendant is not entitled to a new sentencing hearing."

{¶18} Appellant herein, like Mr. Qualls, was sentenced prior to July 11, 2006 (see *Qualls* at ¶2), and we find the aforecited law from the Ohio Supreme Court is directly on point with the circumstances of the case sub judice. The trial court therefore correctly remedied the concerns in appellant's motion for de novo resentencing by issuing a nunc pro tunc entry.

{¶19}  Appellant's sole Assignment of Error is overruled.

{¶20}  For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.


By: Wise, J.

Delaney, P. J., and

Farmer, J., concur.


_____


_____


_____

                                   JUDGES

JWW/d 0307

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                             :
                                          :
    Plaintiff-Appellee                :
                                          :
-vs-                                      :               JUDGMENT ENTRY
                                          :
ARYON MAXWELL                             :
                                          :
    Defendant-Appellant               :               Case No. CT2011-0038


      For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

      Costs assessed to appellant.


_____


_____


_____
                         JUDGES