[Cite as *State v. Holsinger*, 2014-Ohio-2523.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.  13 CO 38 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| ERIC S. HOLSINGER, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from Common
                                   Pleas Court, Case No. 13 CR 32.

JUDGMENT:                          Conviction Affirmed.  Reversed and
                                   Remanded for Resentencing.

APPEARANCES:
For Plaintiff-Appellee:            Attorney Robert L. Herron
                                   Prosecuting Attorney
                                   Attorney Timothy J. McNicol
                                   Asst. Prosecuting Attorney
                                   105 S. Market Street
                                   Lisbon, OH  44432

For Defendant-Appellant:           Attorney Jay Blackstone
                                   WPA Memorial Building
                                   Suite 401-A
                                   132 S. Broad Street
                                   Canfield, OH  44406

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                   Dated: June 9, 2014

DeGenaro, P.J.

{¶1} Defendant-Appellant, Eric S. Holsinger, appeals the September 13, 2013 judgment of the Columbiana County Court of Common Pleas convicting him of two counts of rape and sentencing him accordingly. Holsinger argues that his sentence was erroneous because the judgment entry of sentence failed to include a statement regarding the consequences of violating post-release control. The State concedes the error.

{¶2} Holsinger's argument is meritorious. The trial court failed to properly include in the sentencing entry a statement explaining the consequences of violating post-release control. Because he was sentenced after July 11, 2006, Holsinger is subject to the sentence-correction mechanism contained in R.C. 2929.191(C). Accordingly, Holsinger's conviction is affirmed, and this matter is reversed and remanded for a limited resentencing hearing and judgment entry to correct the post-release control defect pursuant to R.C. 2929.191(C).

## Facts and Procedural History

{¶3} On February 27, 2013, Holsinger was indicted by the Columbiana County Grand Jury on three counts of rape (two counts under R.C. 2907.02(A)(2) and one count under R.C. 2907.02(A)(1)(c)), first-degree felonies; and two counts of unlawful sexual conduct with a minor (R.C. 2907.04(A)), third-degree felonies. Holsinger was accused of raping a 13-year old boy in the men's restroom at the Salem Memorial Building on December 10, 2012. Holsinger initially pled not guilty, was arraigned and counsel was appointed. He executed a speedy trial waiver on April 12, 2013. The State filed a Bill of Particulars on April 22, 2013.

{¶4} On June 28, 2013, Holsinger entered into a plea agreement with the State in which he agreed to plead guilty to one count of rape under R.C. 2907.02(A)(2), and one count of rape under R.C. 2907.02(A)(1)(c), and in exchange the State agreed to recommend a ten-year aggregate prison term and to dismiss the remaining charges. After a hearing, the trial court accepted Holsinger's guilty plea, ordered a pre-sentence investigation and set the matter for sentencing on August 23, 2013. However, when the matter was called for sentencing on that date, Holsinger initially requested leave to file a

motion to withdraw his guilty plea. The trial court granted leave and set a hearing for the matter on September 13, 2013. At the hearing on that date, however, Holsinger informed the trial court that he had changed his mind and that he wished to abide by his plea agreement.

{¶5} After engaging in a dialogue with Holsinger personally and determining that he indeed had decided not to pursue the plea withdrawal motion, the trial court proceeded to sentence Holsinger. The State kept its promise to recommend a ten-year aggregate sentence. The victim's father made a statement urging the trial court to impose the maximum sentence. Holsinger was afforded his allocution rights but declined to make a statement.

{¶6} After considering all the information presented at the hearing, the PSI, the principles and purposes of felony sentencing under R.C. 2929.11 and after balancing the seriousness and recidivism factors pursuant to R.C. 2929.12, the trial court chose to deviate from the recommended sentence, ultimately sentencing Holsinger to an 11-year aggregate prison term: 11 years on each count, to be served concurrently. Holsinger was designated a Tier III sex offender and given 229 days of jail-time credit.

{¶7} Regarding post-release control, during the hearing, the trial court informed Holsinger as follows:

> You are hereby advised of Post Release Control as follows: Upon being released from prison you will be supervised on Post Release Control for a period of five years.
>
> If you have - - if you violate that supervision or condition of Post Release Control, the parole board may impose a prison term as part of the sentence of up to one half the stated prison term originally imposed.
>
> If you violate that supervision or condition of Post Release Control by committing a separate felony offense, you will be punished separately for that felony offense.

**{¶8}** The trial court's September 13, 2013 sentencing entry stated the following regarding post-release control: "The Defendant was advised upon being released from prison he will be supervised by the parole board on Post Release Control for 5 years. The notification of Post Release Control was made at the sentencing hearing pursuant to R.C. 2929.19."

### Post-release Control

**{¶9}** In his sole assignment of error, Holsinger asserts:

**{¶10}** "The trial court, in its September 13, 2013 Judgment Entry of Sentencing, failed to include proper notification of post-release control provisions."

**{¶11}** R.C. 2967.28(B) requires that a sentencing court imposing a "sentence to a prison term for a felony of the first degree * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment." First-degree felonies receive a five-year mandatory post-release control term. R.C. 2967.28(B)(1).

**{¶12}** R.C. 2929.19(B)(3)(e) additionally mandates that a trial court notify a defendant at sentencing that if he violates a condition of post-release control, as a consequence, the parole board may impose a prison term as part of the sentence of up to one-half of the stated prison term originally imposed upon the defendant.

**{¶13}** Here, during the sentencing hearing, the trial court properly notified Holsinger about his five-year post-release control term, along with the consequences of violating post-release control. The sentencing entry included the length of the term, but failed to include information regarding the consequences of violating post-release control. The entry merely stated: "The Defendant was advised upon being released from prison he will be supervised by the parole board on Post Release Control for 5 years. The notification of Post Release Control was made at the sentencing hearing pursuant to R.C. 2929.19."

**{¶14}** Because Holsinger was sentenced after July 11, 2006, the sentence correction mechanism in R.C. 2929.191(C) applies. *See State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶1; *State v. Whitted*, 7th Dist. No. 11 MA

25, 2012-Ohio-1695, ¶14. R.C. 2929.191(C) provides: "On or after July 11, 2006, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division."

**{¶15}** Division (A)(1) concerns the trial court's failure to notify the offender that he will be subject to post-release control after the offender leaves prison or the trial court's failure to include a statement to that effect in the sentencing entry. Division (B)(1) concerns the trial court's failure to notify the offender "regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control or to include in the judgment of conviction entered on the journal a statement to that effect." In other words, it deals with the trial court's failure to notify the offender about the consequences of violating post-release control.

**{¶16}** This case involves an error under division (B)(1), which the State concedes; the trial court failed to include any information regarding the consequences of violating post-release control in the sentencing entry. Accordingly, Holsinger's sole assignment of error is meritorious.

**{¶17}** Notably, neither a modification of the sentencing entry by this court to include the required language, nor a remand with direction for the trial court to issue a nunc pro tunc without a hearing, are possible remedies here. While there is a line of cases allowing for those remedies, those cases are distinguishable because the defendants were sentenced prior to July 11, 2006, thus rendering R.C. 2929.191(C) inapplicable. *See State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, at syllabus (when defendant, who was sentenced prior to the effective date of R.C. 2929.191, "is notified about post-release control at the sentencing hearing, but notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry and the defendant is not entitled to a new sentencing hearing."); *State v. Davis*, 7th Dist. No. 10 MA 160, 2011-Ohio-6025, ¶11-14 (where this court remanded the case for the trial court to correct the sentencing entry to include the omitted post-

release control advisement without requiring a hearing, since the defendant was sentenced prior to July 11, 2006.)

**{¶18}** As this court recently explained in *State v. Pullen*, 7th Dist. No. 11 MA 10, 2012-Ohio-1498, ¶12:

> [T]he legislature has provided a procedure for correcting faulty post-release control notifications that is applicable to cases where the sentencing occurred after July 11, 2006. *Singleton*, 124 Ohio St.3d 173, ¶ 23, 27, 32, 35 (holding that R.C. 2929.191 cannot be applied retroactively as intended but that it would be applied prospectively to sentences entered on or after July 11, 2006). Thus, for sentences entered prior to July 11, 2006, the Supreme Court's procedure developed through case law applies, but for sentences entered on or after July 11, 2006, such as the sentence here, the statutory procedure applies. *See id.*

**{¶19}** Thus, pursuant to the statutory procedure set forth in R.C. 2929.191(C), Holsinger's conviction is affirmed and this matter is reversed and remanded to the trial court to conduct a limited resentencing hearing on the issue of post-release control and to then issue a sentencing entry.

Donofrio, J., concurs.

Waite, J., concurs.