[Cite as *State v. Mikolaj*, 2014-Ohio-4007.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    13 MA 152 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| MARK MIKOLAJ, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:       Criminal Appeal from Common Pleas
                                Court, Case No. 13CR529.

JUDGMENT:                       Affirmed in part; Reversed in part.

APPEARANCES:
For Plaintiff-Appellee:         Attorney Paul Gains
                                Prosecuting Attorney
                                Attorney Ralph Rivera
                                Assistant Prosecuting Attorney
                                21 West Boardman Street, 6th Floor
                                Youngstown, Ohio  44503

For Defendant-Appellant:        Attorney Donald Dixon
                                26 Market Street, Suite 610
                                Youngstown, Ohio  44503

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                Dated:  September 8, 2014

VUKOVICH, J.

{¶1} Defendant-appellant Mark Mikolaj appeals the sentencing decision of the Mahoning County Common Pleas Court after his guilty plea to a drug charge. Appellant contends that he should have been granted community control instead of being sentenced to the maximum of twelve months in prison. This argument is without merit. Appellant also asserts that the trial court failed to inform him at the sentencing hearing of the consequences of violating post-release control. This argument is sustained, and the case is remanded for a post-release control hearing.

STATEMENT OF THE CASE

{¶2} On May 10, 2013, appellant alighted from the passenger seat of a vehicle stopped for a traffic violation, and a police officer saw a rock of crack cocaine fall from his pant leg. A second rock and a glass pipe were then retrieved from that pant leg as well. Appellant was indicted for fifth degree felony possession of cocaine in an amount less than five grams. *See* R.C. 2925.11(A), (C)(4)(a). On July 19, 2013, appellant pled guilty as charged, the state agreed to recommend eight months in prison, and a presentence investigation was ordered.

{¶3} On the morning of the August 27, 2013 sentencing hearing, defense counsel provided documents concerning appellant's medical issues to the prosecutor. The prosecutor informed the court that although the state originally agreed to recommend eight months in prison, due to appellant's medical issues, the state was now prepared to recommend a lengthy period of community control instead. (Tr. 2-3).

{¶4} In agreeing with this new recommendation for lengthy community control, the defense also asked for addiction treatment at a community care center. (Tr. 6). Defense counsel stated that appellant is a long-time addict, and appellant asserted that he was never given the opportunity for rehabilitation. (Tr. 3, 8).

{¶5} Defense counsel then explained that appellant's hip was injured in 2003 or 2004 while in prison. (Tr. 3). It was said that in January of 2012, appellant's physician began the process of scheduling hip replacement surgery, but in April of

2012, appellant's leg was injured in a car accident. As his femur then required reconstruction, the hip surgery could not proceed. (Tr. 4).

{¶6} Counsel explained that appellant was doing better with his drug problem until this accident, disclosing that after appellant became addicted to the pain medications and his physician refused to continue prescribing them, he then began using street drugs again. (Tr. 5). The defense urged that appellant was in need of hip surgery, asserting that if he is sentenced to prison, the surgery and recovery would be paid for by the taxpayers. (The court noted that appellant was on Medicaid and thus the surgery would be paid for by taxpayers even if he was not in prison.)

{¶7} The trial court sentenced appellant to the maximum sentence of twelve months in prison and imposed a one year license suspension. The court's only statement on the record with regard to post-release control was that appellant could be subject to a period of post-release control upon his release from prison for up to three years. (Tr. 10). Defense counsel filed a premature notice of appeal on September 26, 2013 (as the court had not yet filed its sentencing entry from the August 27, 2013 sentencing hearing). The state later supplemented the record on appeal with the September 30, 2013 sentencing entry and filing entitled, "NOTICE (Prison Imposed)."

{¶8} The sentencing entry imposed an "optional, possible" three years of post-release control and stated: "Defendant was orally advised of and provided written notification of the possible post-release control sanctions for violation of post-release control, which notice is attached hereto and made a part hereof. Defendant has been given notice under R.C. 2929.19(B)(3) * * *." This incorporated notice stated the consequences of violating post-release control and was signed by the defendant, his attorney, and the prosecuting attorney on the date of the sentencing hearing.

## ASSIGNMENT OF ERROR NUMBER ONE

{¶9} Appellant sets forth two assignments of error, the first which avers:

**{¶10}** "THE TRIAL COURT ERRED IN NOT INFORMING APPELLANT OF THE CONSEQUENCES OF VIOLATING THE TERMS AND CONDITIONS OF HIS POST-RELEASE CONTROL AT THE TIME OF SENTENCING."

**{¶11}** Appellant's sole argument here is that although the court's entry claims the defendant was orally advised of the consequences of a violation of post-release control, the sentencing transcript shows otherwise. As aforementioned, the court's only reference to post-release control at the sentencing hearing is: "You could be subject to a period of post-release control, sir, when you're released from prison for up to three years." (Tr. 10). This was a proper statement as to the potential term. *See* R.C. 2967.28(C) ("up to three years" of post-release control for most fourth and fifth degree felony sentences). Yet, the court did not then state that for a violation of post-release control, the parole board can impose a prison term of up to one-half of his original sentence as required by R.C. 2929.19(B)(2)(e).

**{¶12}** Pursuant to that statute, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall notify the offender that if the offender violates any post-release control imposed, the parole board may impose a prison term of up to one-half of the stated prison term originally imposed upon the offender. R.C. 2929.19(B)(2)(e). This notification must be done at the sentencing hearing (and also placed in the sentencing entry). *State v. Williams*, 7th Dist. No. 11MA31, 2012-Ohio-6277, ¶ 65; *State v. Whitted*, 7th Dist. No. 11MA25, 2012-Ohio-1695, ¶ 16. *See also State v. Anthony*, 7th Dist. No. 12JE2, 2013-Ohio-2955, ¶ 38-39.

**{¶13}** To correct the lack of statutorily-required notice of post-release control items at the sentencing hearing, the court is to conduct a limited post-release control hearing under R.C. 2919.191(C) and correct the notification issues. *See State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958 ¶ 2 of syllabus, ¶ 1, 27-35 (trial court shall apply statute to correct post-July 11, 2006 omissions). *See also State v. Pullen*, 7th Dist. No. 11MA10, 2012-Ohio-1498, ¶ 19-30.

{¶14} In *Qualls*, the Supreme Court stated that in order to comply with separation of powers concerns and to meet the requirements of the post-release control statutes, the sentencing court must provide statutorily compliant notification to the defendant regarding post-release control at the time of sentencing, including notification of the consequences for a violation. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 962 N.E.2d 718, ¶ 18. The sentencing entry must reflect that the notification was provided "at the sentencing hearing." *Id.* at ¶ 19.

{¶15} Where the sentencing court fails to properly notify the defendant at the sentencing hearing of the consequences of a violation, the remedy is different than where the court did in fact give proper notification at the hearing but then clerically failed to restate that notice in the entry. *Id.* at ¶ 21 (nunc pro tunc entry can be used to reflect what actually took place where notification was properly given at sentencing hearing), comparing *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 4 (where the court failed to notify of the consequences of a post-release control violation at sentencing hearing).

{¶16} In accordance, where the trial court does not advise the defendant at the sentencing hearing that the parole board can impose a prison term of up to one-half of his original sentence for a violation of post-release control, this court reverses and remands for a post-release control imposition hearing. *See, e.g., Williams*, 7th Dist. No. 11MA31, ¶ 67; *Whitted*, 7th Dist. No. 11MA25 at ¶ 16-17 (such failure cannot be corrected by inclusion of language in an entry).

{¶17} The state points us to the entry and the attached notice and insists that the signatures acknowledge that the trial court complied with its duty to advise appellant of the consequences for a post-release control violation. The state cites no cases that support this position and does not explain why the lack of oral notification by the court to the defendant at the sentencing hearing is acceptable or why the transcript does not contain a presentation of the notice to the defendant for his signature.

{¶18} The Tenth District has permitted a "Prison Imposed" notice signed by the defendant on the day of sentencing to validate a court's failure during the

sentencing hearing to orally provide notice. *See, e.g., State v. Easley*, 10th Dist. No. 10AP-505, 2011-Ohio-2412, ¶ 14-20, citing *State v. Amburgy*, 10th Dist. No. 04AP-1332, 2006-Ohio-135, ¶ 13 and *State v. Duncan*, 10th Dist. No. 97APA08-1044 (Apr. 2, 1998). However, the Eleventh District has ruled that a signed "Notice for Prison Imposition" did not show that the defendant was aware that he was subject to mandatory three years of post-release control and that he could be re-imprisoned for one half of the stated prison term for any violations. *State v. Young*, 11th Dist. No. 2009-T-0130, 2011-Ohio-4018, ¶ 95. *See also State v. Turner*, 11th Dist. Nos. 2010-A-0034, 2010-A-0039, 2010-A-0040, 2011-Ohio-2993, fn.1.

**{¶19}** The *Young* court stated that "regardless what that written form stated, the notifications were not properly given at either the sentencing hearing or in the trial court's sentencing entry." *Id.* As to the reference to the lacking entry, it does not appear that the court in that case had incorporated the notice into the judgment as the trial court did in the case before us.

**{¶20}** Yet, the issue here is the notification at the sentencing hearing. Notably, the record in *Young* showed the court asking the defendant if he read, understood, and voluntarily signed the notice and asking counsel whether he was satisfied that the defendant read and understood the notice. *Id.* at ¶ 102 (Cannon, J. dissenting and stating that this combined with the plea proceedings show he received proper notice). Here, the record of the sentencing hearing contains no reference to the notice (and the plea did not take place on the same day here as it did in *Young*).

**{¶21}** In a case where the state conceded error because the defendant was not advised of the consequences of a violation orally or in the entry, we mentioned the filing of a "notice of prison imposed." *See State v. Robinson*, 7th Dist. No. 10MA128, 2012-Ohio-1686, ¶ 121. We noted the Tenth District's *Easley* decision but did not make a conclusion as to the propriety of that decision as we then stated: "Regardless of whether the trial court sufficiently notified Robinson of the sanctions for violating post-release control at the sentencing hearing, it failed to include this information in the sentencing entry." *Id.* at ¶ 122-123). On that basis, this court

reversed and remanded for a R.C. 2929.191 post-release control hearing. *Id.* at ¶ 123-127.

**{¶22}** Finally, this court reviewed a case containing a similar notice of post-release control terms and consequences for violations. *State v. Peck*, 7th Dist. No. 12MA205, 2013-Ohio-5526, ¶ 3. We stated that the post-release control notice "must be told to the defendant" at the sentencing hearing, suggesting that oral notification is the standard. *Id.* at ¶ 8. We also said it was not clear that the information in the notice was provided to the defendant at sentencing. *Id.* at ¶ 3, 9 (and stating that not all of the proper items were in the entry, whereas here, the notice was said to be incorporated in the entry). We even announced: "To avoid future errors of this sort, the trial court should discontinue its use of its postrelease control notice form as it appears to be the sole basis used to show compliance with the statutory notice requirements." *Id.* at ¶ 9 (noting we would have remanded under R.C. 2929.191 but we were already remanding for resentencing due to other assignments of error).

**{¶23}** The notice here was signed on the day of sentencing by appellant and his attorney. These signatures purport to agree that the court provided the notice in writing and read it to the defendant. Yet, the sentencing transcript does not evidence the court's provision of this notice, oral or written, during the hearing. Thus, the provision of the document to appellant and his signing of that document must have been accomplished after the sentencing hearing was over. Or, the court reporter stopped transcribing while the document was being discussed and signed (which record issue would have been one for the state to correct through App.R. 9).

**{¶24}** From this record, we cannot conclude that the statutorily-required notice was given during the sentencing hearing. The whole purpose of notification at the sentencing hearing is because the executive branch cannot impose a sentence of post-release control or a subsequent prison term for a violation unless the court has actually imposed such a sentence. A court must pronounce these items at sentencing and then memorialize those pronouncements in a judgment entry.

**{¶25}** A document, even if signed by a defendant and later incorporated into a judgment entry, does not substitute for the obligations assigned to a sentencing court

*at the sentencing hearing.* The state's position is akin to arguing that a trial court can nunc pro tunc a sentencing transcript, i.e. that the court can put in a written notice what the court intended to say (or what the court did not feel like saying) during the sentencing hearing and have that validated by the defendant's off-record signature. Again, if the court did in fact read the notice to the defendant, we respond that a court should not be reading mandatory notices to a defendant off the record (or the state should have had any omitted transcriptions submitted to this court under App.R. 9).

**{¶26}** In conclusion, a trial court shall notify the offender at the sentencing hearing that if he violates any post-release control imposed, the parole board may impose a prison term of up to one-half of the stated prison term originally imposed upon the offender. R.C. 2929.19(B)(3)(e). This is a "statutory duty" to be fulfilled "at the sentencing hearing." *Qualls*, 131 Ohio St.3d 499 at ¶ 18-19, 21, citing *Singleton*, 124 Ohio St.3d 173 at ¶ 4; *Peck*, 7th Dist. No. 12MA205, 2013-Ohio-5526, ¶ 8-9. There is no indication that this requirement was satisfied here.

**{¶27}** Pursuant to R.C. 2929.191(C), where a trial court fails to notify the offender under R.C. 2929.19(B)(3)(e) regarding the possibility of the parole board imposing a prison term for the violation, the trial court can thereafter conduct a limited post-release control hearing prior to the offender's release. *See, e.g., Williams*, 7th Dist. No. 11MA31 at ¶ 65; *Whitted*, 7th Dist. No. 11MA25 at ¶ 17. In accordance, this assignment of error is sustained. We hereby remand for a post-release control imposition hearing.

<u>ASSIGNMENT OF ERROR NUMBER TWO</u>

**{¶28}** Appellant's second assignment of error alleges:

**{¶29}** "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FOUND APPELLANT NOT AMENABLE TO COMMUNITY SANCTIONS AND SENTENCED HIM TO THE MAXIMUM SENTENCE OF TWELVE MONTHS IN PRISON."

**{¶30}** Appellant asserts that the court abused its discretion in sentencing him. He does not contend that his sentence is clearly and convincingly contrary to law. Before reciting appellant's specific argument, we note that the state responds that we

should not review a sentence for an abuse of discretion, urging that there is no longer statutory support for the two-prong sentencing review set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124 and thereafter adopted by this court. However, this court has reviewed that issue and determined that we will continue to employ both standards of review. *State v. Scott*, 7th Dist. No. 13MA47, 2014-Ohio-2993, ¶ 10; *State v. Hill*, 7th Dist. No. 13MA1, 2014-Ohio-919, ¶ 20. We thus proceed to review appellant's abuse of discretion arguments.

{¶31} Appellant believes that it was unreasonable to sentence him to the maximum of twelve months in prison where the state was only originally going to recommend eight months in prison and the state was then persuaded to recommend community control due to appellant's need for drug treatment and hip surgery. He mentions the cost of the surgery and recovery while in prison. Appellant notes that no reasons were provided for the maximum sentence and that other offenders rarely receive a maximum sentence for non-violent fifth-degree felony drug possession. He also complains that the trial court did not examine the medical documents.

{¶32} The medical documentation was presented to the state on the morning of sentencing. If the defense wished the sentencing court to physically examine the documents, they should have been presented to the court at the hearing. Instead, the defense explained the essence of what was in the documents to the court by way of counsel's arguments at sentencing.

{¶33} As to the reasons for choosing the sentence, a court need not explain why it imposed a maximum sentence. *State v. Parsons*, 7th Dist. No. 12BE11, 2013-Ohio-1281, ¶ 14. The court advised that it considered the record, the oral statements, and the recommendation in the presentence investigation (PSI). That recommendation was a prison sentence, and the PSI further opined that appellant was not amenable to community control. The court stated that it considered the purposes and principles of sentencing in R.C. 2929.11 and balanced the seriousness and recidivism factors in R.C. 2929.12. The court need not make findings regarding the purposes and principles or the seriousness and recidivism factors. *Id.* at ¶ 12.

{¶34} On the topic of the facts, the seriousness factors do not weigh in favor of a maximum sentence. For instance, there was no victim or direct harm to person or property. *See* R.C. 2929.12(B)-(C). Although the conduct here was not more serious than conduct normally constituting this offense, the recidivism factors heftily weigh against appellant's argument.

{¶35} For instance, a few days prior to his arrest in this case, a Girard court sentenced him to jail and placed him on probation for a year for disorderly conduct. Moreover, appellant was given electronic monitoring house arrest in the current case in order to be released pending trial, but that bond was unfavorably terminated when this sentencing court issued a June 25, 2013 bench warrant for multiple violations of his house arrest. Then, in July of 2013, appellant was charged with fourth degree felony drug possession, child endangering, and drug paraphernalia in Campbell and was awaiting trial on these charges at the time of sentencing. It also appears that he had probation issues in a Boardman court as a bench warrant was issued on August 5, 2013 for failing to appear on a probation violation in a disorderly conduct case *from 2011*. *See* R.C. 2929.12(D)(1).

{¶36} Appellant has a lengthy criminal record as an adult involving drug offenses, thefts, criminal trespass, and disorderly conduct, including prior felony convictions. *See* R.C. 2929.12(D)(2); (E)(2). A juvenile record is not depicted in the PSI. *See* R.C. 2929.12(E)(1). But, the criminal record generated for appellant from local sources begins suddenly when appellant was age 32; and the lengthy traffic record begins suddenly two years thereafter. Appellant is now 51 and has not been law-abiding for a significant number of years throughout this record. *See* R.C. 2929.12(E)(3).

{¶37} As the state points out, appellant has been imprisoned at various times in the past. He has also had several drug and other charges dismissed after arrest. He has been given community control and judicial release various times in the past. But, he has failed to respond favorably. *See* R.C. 2929.12(D)(3). Contrary to appellant's statement at sentencing, his records show that he was provided prior

opportunities for substance abuse treatment. Plus, the offense was not committed under circumstances that are unlikely to recur. *See* R.C. 2929.12(E)(4).

**{¶38}** Although he admits his pattern of drug abuse and expresses a desire for rehabilitation, his statement and any suggestion of remorse need not be accepted as genuine. *See* R.C. 2929.12(D)(4)-(5), (E)(5). According to his own statements at the PSI interview, he continued to consume crack cocaine after this offense and after the Campbell incident until his arrest on the bond violation in this case.

**{¶39}** Finally, we note that while the prosecuting attorney was changing his recommendation to community control, he still voiced that appellant "probably would not succeed on community control sanctions * * *." (Tr. 3). In conclusion, the trial court could reasonably conclude that appellant's likelihood of recidivism is high, and we can discern no abuse of discretion in imposing a maximum sentence here. This assignment of error is overruled.

**{¶40}** For the reasons expressed above, the judgment of the trial court regarding appellant's twelve month sentence is affirmed, but the case is remanded for a post-release control hearing.

Donofrio, J., concurs.
DeGenaro, P.J., concurs.