Cupp, J.
{¶ 1} The defendant-appellant in this case was notified of postrelease control at his 2002 sentencing hearing, but the language indicating that notification had been made was inadvertently omitted from the sentencing entry that resulted from that hearing. When the omission came to light, the trial court, in 2010, corrected the sentencing entry through a nunc pro tunc entry that stated that the notification had been made and denied the defendant’s request for a new sentencing hearing. The appellate court upheld the trial court’s actions as a permissible use of a nunc pro tunc entry. For the reasons that follow, we agree that the trial court’s use of a nunc pro tunc entry was appropriate in the specific circumstances of this case, and we accordingly affirm the judgment of the court of appeals.
I. Facts and Procedural History
{¶ 2} On August 15, 2002, defendant-appellant, Eric A. Qualls, pled guilty before a three-judge panel in Meigs County Common Pleas Court to one count of aggravated murder and one count of kidnapping. The state’s part of the plea *500 agreement included dropping an additional count of aggravated murder and dismissing a death-penalty specification. The trial court accepted the plea and imposed an aggregate prison sentence of 33 years to life, as recommended by the state, in the judgment of conviction. Qualls did not appeal his conviction and sentence.
{¶ 3} On January 15, 2010, Qualls filed in the trial court a pro se “motion for de novo sentencing hearing.” In this motion, Qualls admitted that he was informed at his sentencing hearing that he would be subject to five years of postrelease control upon his release from prison, but contended that he was not subject to postrelease control because his conviction for aggravated murder was a special felony.[1] Qualls argued that because R.C. 2967.28, the postrelease-control statute, was not applicable to him, he was entitled to a new sentencing hearing to correct the alleged error.
{¶ 4} In its response, the state explained that postrelease control was not imposed for the aggravated-murder offense, but was imposed for the kidnapping offense only. The state also asserted that Qualls had been orally informed of postrelease control at his sentencing hearing, had consulted with his attorney about postrelease control at that time, and had verified for the court that he understood why it was being imposed. However, in formulating its response to Qualls’s 2010 motion, the state realized that despite notification at the sentencing hearing, the 2002 entry contained no mention of postrelease control. The state therefore asked the trial court to issue a nunc pro tunc entry reflecting that the trial court had advised Qualls of postrelease control at his sentencing hearing.
{¶ 5} Qualls argued in response to the state’s request for a nunc pro tunc entry that because the 2002 sentencing entry did not mention postrelease control, his sentence was void, and he asserted that he was entitled to a de novo sentencing hearing.
{¶ 6} On March 29, 2010, by entry, the trial court agreed with the state’s arguments: it ruled that postrelease control applied to Qualls’s conviction for kidnapping and that Qualls was not entitled to a new sentencing hearing, because Qualls had admitted that he had been orally advised that he was subject to postrelease control at his 2002 sentencing hearing. The trial court issued a nunc pro tunc sentencing entry that included two new paragraphs indicating that Qualls had been notified that he was subject to postrelease control.
{¶ 7} The Fourth District Court of Appeals affirmed upon Qualls’s pro se appeal. It held that the trial court correctly overruled the motion for a de novo sentencing hearing and that a nunc pro tunc entry was the proper remedy to *501 correct the sentencing entry, considering that Qualls had admitted that he was informed at the 2002 sentencing hearing that he would be subject to postrelease control upon his release from prison. State v. Qualls, 4th Dist. No. 10CA8, 2010-Ohio-5316, 2010 WL 4275251, ¶ 9-13.
{¶ 8} The court of appeals certified that its decision conflicted with the decision of the Sixth District Court of Appeals in State v. Lee, 6th Dist. No. L-09-1279, 2010-Ohio-1704, 2010 WL 1511708, which held that a nunc pro tunc entry cannot be used to correct the omission of postrelease-control language from the sentencing entry in situations such as this, and that a defendant must be afforded a new sentencing hearing to correct the omission.
{¶ 9} We recognized the conflict on the following question, as phrased by the court of appeals: “If a defendant is notified about postrelease control at the sentencing hearing, but that notification is inadvertently omitted from the sentencing entry, can that omission be corrected with a nunc pro tunc entry?” 128 Ohio St.3d 1424, 2011-Ohio-1049, 943 N.E.2d 571.
II. Analysis
{¶ 10} Before analyzing the legal issue presented by this case, we clarify the parameters of the certified question we address. The appellate court approached this case from the perspective that Qualls has conceded that the trial court’s notification regarding postrelease control at the 2002 sentencing hearing adequately informed him of postrelease control.[2] Procedurally, we are thus required to accept as fact that the trial court’s 2002 notification regarding postrelease control in the sentencing hearing was statutorily compliant and that the notification was inadvertently omitted from the 2002 sentencing entry. These features were also present in the conflict case, Lee. See 2010-Ohio-1704, 2010 WL 1511708, at ¶ 6 (“It is undisputed that the trial court notified appellant at his sentencing hearing that he would be subject to mandatory postrelease control. The trial court did not, however, include this notice in the sentencing entry”). We also note that this appeal does not include any issue regarding Qualls’s plea and convictions, but involves only the sentencing question.
*502 {¶ 11} The essence of Qualls’s argument is that numerous decisions in this court’s postrelease-control precedents support the proposition that for a sentence imposed prior to the effective date of R.C. 2929.191, a trial court’s sentencing entry that failed to include postrelease control is void. In that situation, Qualls further argues, the sentencing entry cannot be corrected through a nunc pro tunc entry, but instead the trial court must hold a de novo resentencing hearing to correct the void sentence and to properly impose postrelease control. See, e.g., Woods v. Telb, 89 Ohio St.3d 504, 733 N.E.2d 1103 (2000); State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864; Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301; State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, modified in part by State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus; State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568; State v. Bloomer, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254. Qualls especially relies on State v. Singleton, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958.
{¶ 12} Qualls additionally argues that this court’s more recent decision in Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, does not change that result. He contends that Fischer, which modified Bezak in part and held that the new sentencing hearing to which an offender is entitled when postrelease control was not properly imposed is limited to the proper imposition of postrelease control, has “abrogated” the right of a defendant such as himself to a de novo sentencing hearing. Consequently, he asserts that Fischer should not apply retroactively to him and that his resentencing hearing must be de novo rather than limited.

A. Standards for Nunc pro Tunc Entries

{¶ 13} This court recently explained, in a decision not cited by Qualls, that when a trial court properly notified a defendant of postrelease control at the sentencing hearing but the initial sentencing entry did not accurately reflect the details of the notification, the imperfect sentencing entry can be corrected through a nunc pro tunc entry. In that situation, “[n]o new sentencing hearing is required, because the trial court’s failure to include the postrelease-control term in the original sentencing entry was manifestly a clerical error. * * * Although trial courts generally lack authority to reconsider their own valid final judgments in criminal cases, they retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided.” State ex rel. Womack v. Marsh, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 13, citing State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19, and Crim.R. 36 (“Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time”). See State v. *503 Lester, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 18-19 (courts possess the authority to correct an error in a judgment entry so that the record speaks the truth); State v. Miller, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15 (an error corrected by a nunc pro tunc entry does not involve a legal decision or judgment).
{¶ 14} Because the notification of postrelease control was accurately given in the sentencing hearing in Womack, and the error in the sentencing entry was merely clerical in nature, the mistake was correctable by nunc pro tunc entry and no new sentencing hearing was required.[3] Womack at ¶ 14. A nunc pro tunc entry issued under those conditions relates back to the original sentencing entry and does not extend the time to file an appeal. Id. at ¶ 15. See also Lester at ¶ 19-20 (a nunc pro entry applies retrospectively to the judgment it corrects and does not create a new final order from which a new appeal may be taken).
{¶ 15} The primary characteristic distinguishing this case from the situation in Womack is that in this case the sentencing entry contained no mention of postrelease control, while the sentencing entry in Womack imposed an incorrect term of postrelease control. We determine, however, that given the specific circumstances of this case, a nunc pro tunc entry can be used to correct the failure to include in the sentencing entry notification of postrelease control that was properly given in the sentencing hearing.

B. A Sentencing Entry that Contains No Reference to Postrelease Control Must Be Timely Corrected

{¶ 16} For purposes of addressing the certified issue, we recognize two important principles that our postrelease-control precedents have emphasized. One principle is that unless a sentencing entry that did not include notification of the imposition of postrelease control is corrected before the defendant completed the prison term for the offense for which postrelease control was to be imposed, postrelease control cannot be imposed. Hernandez, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, at ¶ 28-30; compare Watkins v. Collins, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 48-51 (when a sentencing entry made some reference to postrelease control, any deficiencies in the entry could have been raised on appeal, and postrelease control can be imposed upon the defendant’s release from prison).
*504 {¶ 17} That basic principle is not specifically implicated in this case, in part because of the lengthy prison term Qualls is serving. If we affirm the judgment of the court of appeals, the nunc pro tunc sentencing entry will have corrected the deficiency in the original sentencing entry, thereby allowing postrelease control to be enforced upon Qualls on his release from prison. Even if we were to reverse the judgment and order a new sentencing hearing here, the trial court would still be able to timely issue a new sentencing entry correcting any deficiency.

C. The Importance of Notification

{¶ 18} Another important principle reiterated in our precedents is that in order to comply with separation-of-powers concerns and to fulfill the requirements of the postrelease-control-sentencing statutes, especially R.C. 2929.19(B) and 2967.28, a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control. Woods, 89 Ohio St.3d 504, 733 N.E.2d 1103, at paragraphs one and two of the syllabus; Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at paragraph one of the syllabus; Bloomer, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, at ¶ 2.
{¶ 19} We have also stated that a trial court must incorporate into the sentencing entry the postrelease-control notice to reflect the notification that was given at the sentencing hearing. E.g., Jordan, at paragraph one of the syllabus, see current R.C. 2929.14(D). But our main focus in interpreting the sentencing statutes regarding postrelease control has always been on the notification itself and not on the sentencing entry. See id. at ¶ 23 (recognizing that the “statutory duty” imposed is “to provide notice of postrelease control at the sentencing hearing”); Cruzado, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, at ¶ 26 (stressing the importance of notification); Watkins, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, at ¶ 52 (stating that the “preeminent purpose” of the statutes is “that offenders subject to postrelease control know at sentencing that their liberty could continue to be restrained after serving their initial sentences”).
{¶ 20} In many situations, a failure to properly impose postrelease control in a sentencing entry will not be correctable through a nunc pro tunc entry. The reason for that result is not that the sentencing entry was deficient, but rather that the notification given did not comply with the statutory requirements. Womack is an example of a situation where a nunc pro tunc entry can correct a sentencing entry’s failure to properly impose postrelease control.

D. Resolution of the Conflict Question

{¶ 21} Our prior decisions did not address the specific issue presented by this case. As the court of appeals recognized in its entry certifying a conflict, this *505 case is unlike either Jordan or Singleton because notification of postrelease control was not proper in either of those cases. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 2-3, involved situations in which the sentencing courts failed to properly notify the defendants of the imposition of postrelease control at the sentencing hearings, although notice was contained in the sentencing entries. In Singleton, although the sentencing entry did mention some aspects of postrelease control, the sentencing court failed to properly notify the defendant at the sentencing hearing of the consequences of violating postrelease control. 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, at ¶ 4.
{¶ 22} Our review of our many other postrelease-control precedents shows that the situation in this case also differs from those other precedents. In no previous case in which a sentencing entry was silent as to postrelease control have we specifically considered the significance of proper postrelease-control notification at the sentencing hearing. Moreover, we have not specifically evaluated the efficacy of a trial court’s use of a nunc pro tunc entry to correct a deficient sentencing entry when the sole error in imposing postrelease control was the failure to incorporate the notification that was given at the sentencing hearing into the entry of conviction.
{¶ 23} Here, where notification was properly given at the sentencing hearing, there is no substantive prejudice to a defendant if the sentencing entry’s failure to mention postrelease control is remedied through a nunc pro tunc entry. Our precedents requiring a new sentencing hearing (either de novo or limited) to correctly impose postrelease control do not apply to this situation. The rationale underlying those decisions is that a sentence that does not properly impose postrelease control is void, and a remand for a new sentencing hearing is necessary, because the trial court’s erroneous imposition of postrelease control must be corrected in a new hearing at which the defendant is present to receive notification that complies with the statutes. See, e.g., Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 17 and 23.
{¶ 24} But when the notification of postrelease control was properly given at the sentencing hearing, the essential purpose of notice has been fulfilled and there is no need for a new sentencing hearing to remedy the flaw. The original sentencing entry can be corrected to reflect what actually took place at the sentencing hearing, through a nunc pro tunc entry, as long as the correction is accomplished prior to the defendant’s completion of his prison term.
{¶ 25} Qualls argues that because his sentencing entry did not include any language regarding postrelease control, he could not appeal any issues relating to the postrelease-control portion of his sentence until the trial court corrected the allegedly void sentence by holding a hearing and properly imposing postrelease control. Only this, he asserts, would have provided him with a final order from *506 which he could appeal. However, in this case, which concerns only the sentencing entry’s failure to include a reference to postrelease-control notification, that argument fails. Because Qualls conceded that notification of postrelease control was properly given at the sentencing hearing, he has no substantive grounds upon which to pursue an appeal relating to the imposition of postrelease control.
{¶ 26} As the appellate court accurately observed in its entry certifying a conflict, a nunc pro tunc entry pursuant to Crim.R. 36 to modify a sentencing entry cannot serve to correct the failure to notify a defendant of postrelease control or a mistake in the notification that was given. A nunc pro tunc entry cannot go beyond correcting a clerical error to conform the sentencing entry to reflect that notification had occurred when it did not; that action would improperly change the substance of the entry to include events that never occurred. See Cruzado, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, at ¶ 19 (a nunc pro tunc entry cannot be used to reflect what the court might or should have decided); Miller, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, at ¶ 15 (a nunc pro tunc entry that does not reflect the events that actually occurred at a sentencing hearing is improper).
{¶27} Although this case is different from Womack because the sentencing entry in this case did not mention postrelease control, nevertheless, like Womack, this case is one in which a nunc pro tunc entry can correct a flawed sentencing entry.
{¶ 28} We do not address Qualls’s argument that despite this court’s holding in Fischer, he is entitled to a de novo resentencing hearing. That argument is predicated on this court’s concluding that Qualls must receive a resentencing hearing. However, we determine that a nunc pro tunc entry can be used to correct the postrelease-control deficiency in this case and that Qualls is not entitled to a resentencing hearing.
{¶ 29} Our resolution of the issue of this case is narrow and is made within only the context of postrelease control, an area in which, the numerous decisions of this court have shaped the development of the law. Our decision by its nature applies to those postrelease-control cases involving an omission of the type that occurred here, without regard to whether the sentencing hearing was held after the effective date of R.C. 2929.191 or held prior to the effective date of that statute, as occurred in this case.
III. Conclusion
{¶ 30} We hold that when a defendant is notified about postrelease control at the sentencing hearing, but notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry and the defendant is not entitled to a new sentencing hearing. We accordingly answer *507 the certified question in the affirmative, and we affirm the judgment of the court of appeals.
Judgment affirmed.
O’Connor, C.J., and Pfeifer, Lundberg Stratton, O’Donnell, and McGee Brown, JJ., concur.
Lanzinger, J., dissents.

. Under R.C. 2967.28, postrelease control is not imposed following a conviction for aggravated murder, which is a special-category felony.

. The appellate court observed that Qualls claimed in his merit brief that the trial court had failed to inform him of some other statutory information at the sentencing hearing, but the appellate court declined to consider those claims because they were raised for the first time on appeal and instead conducted its analysis from the standpoint that proper oral notification regarding postrelease control had occurred. 2010-Ohio-5316, 2010 WL 4275251, at ¶ 10. In its entry granting Qualls’s motion to certify a conflict, the court of appeals stated that Qualls has “freely admitted” that he was notified of postrelease control at his sentencing hearing and that the notification was “simply omitted” from the sentencing entry, and contrasted the situation here with cases in which oral notification either “was absent altogether or there was a misnotification,” in which a nunc pro tunc entry would not have been appropriate.

. The type of nunc pro tune entry discussed in Womack and at issue in this case is different from the “entry nunc pro tunc” provided for in R.C. 2929.191, which is issued after a court holds a hearing in accordance with R.C. 2929.191(C). A consideration of the standards regarding conventional nunc pro tunc entries issued pursuant to Crim.R. 36 makes evident that an “entry nunc pro tunc” issued pursuant to R.C. 2929.191 after a hearing is not equivalent to a Crim.R. 36 nunc pro tunc entry, which is limited to the correction of a “clerical mistake.”