[Cite as *State v. Lumpkin*, 2013-Ohio-810.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

STATE OF OHIO                                    :

                                                 :        Appellate Case No. 2011-CA-80

        Plaintiff-Appellee                   :

                                                 :        Trial Court Case No.   11-CR-244

v.                                               :

                                                 :

NATHANIEL LUMPKIN                                :        (Criminal Appeal from

                                                 :         Common Pleas Court)

        Defendant-Appellant                  :

                                                 :

        . . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of March, 2013.

. . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. #0082337, Clark County Prosecutor's Office, 50 East
Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

ADAM J. ARNOLD, Atty. Reg. #0088791, 208 Babington Court, Beavercreek, Ohio 45440
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Nathaniel Lumpkin appeals from his conviction and sentence on one count of

breaking and entering.

{¶ 2}    In his sole assignment of error, Lumpkin contends the trial court erred in

failing to notify him about post-release control at sentencing. This court raised the foregoing issue in a December 3, 2012 decision and entry when we were reviewing the case after the filing of a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In that ruling, we explained:

> Despite the trial court's statement in the judgment entry that it notified Lumpkin about post-release control, such notification does not appear in the sentencing transcript or elsewhere in the record. Therefore, a non-frivolous issue exists as to whether the trial court erred in failing to notify Lumpkin about post-release control at sentencing. *See*, *e.g.*, *State v. Qualls*, 131 Ohio St.3d 499, 504, 2012-Ohio-1111, 967 N.E.2d 718, ¶18 (recognizing that "a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control").

{¶ 3}     We subsequently appointed new counsel for Lumpkin, who now raises as a sole assignment of error that the trial court erred in including post-release control in the judgment entry but not mentioning it at sentencing. For its part, the State concedes that the trial court's failure to address post-release control at sentencing constitutes reversible error. *See*, *e.g.*, *State v. Blessing*, 2d Dist. Clark No. 2011 CA 56, 2013-Ohio-392, ¶41. Accordingly, Lumpkin's sole assignment of error is sustained.

{¶ 4}     The portion of the trial court's judgment entry imposing post-release control is reversed, and the cause is remanded for proper imposition of post-release control.   In all other

respects, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Lisa M. Fannin
Adam J. Arnold
Hon. Douglas M. Rastatter