[Cite as *State v. Robinson*, 2014-Ohio-762.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                    :

    Plaintiff-Appellee,                      :          CASE NO.   CA2013-05-080

                                                  :          D E C I S I O N
- vs -                                                                   3/3/2014

                                                  :

RODERICK D. ROBINSON,                     :

    Defendant-Appellant.                   :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-12-1929


Michael T. Gmoser, Butler County Prosecuting Attorney, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Charles M. Conliff, P.O. Box 18424, Fairfield, Ohio 45018-0424, for defendant-appellant


**Per Curiam.**

{¶ 1}  This cause came on to be considered upon a notice of appeal, the transcript of the docket and journal entries, the transcript of proceedings and original papers from the Butler County Court of Common Pleas, and upon a brief filed by appellant's counsel.

{¶ 2}  Counsel for defendant-appellant, Roderick D. Robinson, has filed a brief with this court pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967),

which (1) indicates that a careful review of the record from the proceedings below fails to disclose any errors by the trial court prejudicial to the rights of appellant upon which an assignment of error may be predicated; (2) lists five potential errors "that might arguably support the appeal," *Anders* at 744, 87 S.Ct. at 1400; (3) requests that this court review the record independently to determine whether the proceedings are free from prejudicial error and without infringement of appellant's constitutional rights; (4) requests permission to withdraw as counsel for appellant on the basis that the appeal is wholly frivolous; and (5) certifies that a copy of both the brief and motion to withdraw have been served upon appellant.

{¶ 3} Having allowed appellant sufficient time to respond, and no response having been received, we have accordingly examined the record and find no error prejudicial to appellant's rights in the proceedings in the trial court except as set forth below.

{¶ 4} Appellant was sentenced on May 13, 2013 for one count of having weapons under a disability, a third-degree felony. As such, appellant was subject to an optional three-year period of postrelease control. *See* R.C. 2967.28. The trial court correctly informed appellant at both the plea hearing and the May 13, 2013 sentencing hearing that he would be subject to an optional period of postrelease control for up to three years. The sentencing entry, however, incorrectly states that the court "notified the defendant that post release control is optional in this case up to a maximum of five years * * *."

{¶ 5} Both this court and the Ohio Supreme Court have held that when a defendant is properly notified of postrelease control at the sentencing hearing, the improper imposition of postrelease control in the judgment entry is a clerical error which may be corrected by a nunc pro tunc entry which accurately reflects the sentence

imposed by the trial court at the sentencing hearing. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 23-24; *State v. Harrison*, 12th Dist. Butler No. CA2009-10-272, 2010-Ohio-2709.

{¶ 6} Therefore, it is the order of this court that the motion of counsel for appellant requesting to withdraw as counsel is granted. The cause is reversed and the matter remanded with instructions to the trial court to prepare a nunc pro tunc sentencing entry which accurately reflects the proceedings which took place at appellant's May 13, 2013 sentencing hearing.

HENDRICKSON, P.J., PIPER and M. POWELL, JJ., concur.