[Cite as *State v. Bell*, 2016-Ohio-5379.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| JOSHUA R. BELL | : | Case No. 16-COA-012 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. 14-CRI-158


JUDGMENT:    Sentence Vacated; Remanded


DATE OF JUDGMENT:    August 15, 2016


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER E. BALLARD            MATTHEW J. MALONE
110 Cottage Street                        10 East Main Street
Third Floor                                    Ashland, OH  44805
Ashland, OH  44805

*Farmer, P.J.*

{¶1} On August 7, 2015, appellant, Joshua Bell, pled guilty to two counts of drug possession (heroin) in violation of R.C. 2925.11 and one count of possessing criminal tools in violation of R.C. 2923.24, all felonies in the fifth degree. By nunc pro tunc judgment entry filed August 20, 2015, the trial court sentenced appellant to one hundred eighty-days on the each of the drug counts, to be served consecutively, and imposed a period of four years of community control.

{¶2} On April 4, 2016, appellant pled guilty to violating community control. By judgment entry filed April 18, 2016, the trial court sentenced appellant to twelve months on each of the three counts, to be served consecutively, for a total term of thirty-six months in prison.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "THE TRIAL COURT'S SENTENCE IMPOSED ON APPELLANT FOR VIOLATING HIS COMMUNITY CONTROL WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW."

I

{¶5} Appellant claims the trial court erred in sentencing him to consecutive sentences in violation of the dictates of *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177. We agree.

{¶6} Pursuant to the Supreme Court of Ohio's recent holding in *State v. Marcum,* ___ Ohio St.3d ___, 2016–Ohio–1002, ¶ 7, this court will review a felony

sentence using the standard set forth in R.C. 2953.08, and will no longer apply the abuse of discretion standard under *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912. R.C. 2953.08 governs appeals based on felony sentencing guidelines.   Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.   The appellate court's standard for review is not whether the sentencing court abused its discretion.   The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

{¶7}   "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will

produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶8} R.C. 2929.14(C)(4) governs consecutive sentences and states the following:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶9}    Appellant concedes the trial court made the necessary findings to support consecutive sentences at the sentencing hearing, but argues the trial court failed to include the necessary findings in the sentencing entry pursuant to *Bonnell, supra* at ¶ 29:

When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel.  *See* Crim.R. 32(A)(4).   And because a court speaks through its journal, *State v. Brooke,* 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47, the court should also incorporate its statutory findings into the sentencing entry.  However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.

{¶10} In its appellate brief at 1, appellee concedes the issue.   Pursuant to *Bonnell, supra* at ¶ 30-31:

A trial court's inadvert failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court. *See State v. Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 15 (where notification of postrelease control was accurately given at the sentencing hearing, an inadvertent failure to incorporate that notice into the sentence may be corrected by a nunc pro tunc entry without a new sentencing hearing). But a nunc pro tunc entry cannot cure the failure to make the required findings at the time of imposing sentence. *See State v. Miller,* 127 Ohio St.3d 407, 2010–Ohio–5705, 940 N.E.2d 924, ¶ 16 ("a nunc pro tunc order cannot cure the failure of a judge to impose restitution in the first instance at sentencing").

And a sentencing entry that is corrected by a nunc pro tunc entry incorporating findings stated on the record at the sentencing hearing does not extend the time for filing an appeal from the original judgment of conviction and does not create a new final, appealable order. *See State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 20 ("a nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken").

{¶11} Upon review, we vacate the sentence and remand the matter to the trial court to issue a nunc pro tunc judgment entry on sentencing to include the requisite findings.

{¶12} The sole assignment of error is granted.

{¶13} The sentence of the Court of Common Pleas of Ashland County, Ohio is hereby vacated, and the matter is remanded to said court for the limited purpose of issuing a nunc pro tunc sentencing entry in accordance with the law and this opinion.

By Farmer, P.J.

Hoffman, J. and

Wise, J. concur.

SGF/sg 8/5