[Cite as *State v. Williams*, 2016-Ohio-7513.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 16 CAA 01 0001 |
| | : | |
| JAMES J. WILLIAMS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court
of Common Pleas, Case No. 14 CRI 05
0189 A



JUDGMENT:                    REVERSED AND REMANDED FOR
NUNC PRO TUNC RESENTENCING
ENTRY



DATE OF JUDGMENT ENTRY:      October 26, 2016



APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

CAROL HAMILTON O'BRIEN                      APRIL F. CAMPBELL
DELAWARE COUNTY PROSECUTOR                  545 Metro Place South, Suite 100
                                           Dublin, OH 43017
CORY J. GOE
140 N. Sandusky St., 3rd Floor
Delaware, OH 43015

*Delaney, J.*

{¶1}   Defendant-Appellant James J. Williams appeals the December 22, 2015 resentencing entry of the Delaware County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   Defendant-Appellant James J. Williams and his co-defendant were charged by indictment with one count of aggravated robbery with a firearm specification [Count I] and one count of felonious assault [Count II]; Williams was also charged with one count of aggravated menacing [Count III]; one count of tampering with evidence [Count IV]; one count of having weapons while under disability [Count V]; and one count of possession of heroin [Count VI]. Williams entered pleas of not guilty and the case proceeded to trial by jury. Count VI, possession of heroin, was dismissed pursuant to Crim.R. 29(A). Williams was otherwise found guilty as charged on July 17, 2014.

{¶3}   Williams was sentenced to an aggregate prison term of ten years.

{¶4}   Williams filed a direct appeal of his conviction, sentence, and a denial of his motion for new trial. He argued in part that the trial court did not provide sufficient notice of the terms of his post-release control and the consequences for violation thereof.

{¶5}   Williams was convicted upon Count I, a felony of the first degree, Count II, a felony of the second degree; [Count III, a misdemeanor of the first degree]; Count IV, a felony of the third degree; and Count V, a felony of the third degree. At sentencing, Williams was advised as follows:

* * * *

You are further advised that Post Release Control in this case is mandatory

on Count 1 for a period of five years for a violation of Aggravated Robbery,

a felony of the first degree; Post Release Control is mandatory for a period of three years on Count 2 for a violation of Felonious Assault, a felony of the second degree; and Post Release Control is optional on Counts 4 and 5, Count 4 being Tampering with Evidence in violation of 2921.12(A)(1), a felony of the third degree, and Count 5, Having Weapons While Under Disability, also a felony of the third degree, in violation of Section 2923.12(A)(3) of the Ohio Revised Code, as well as the consequences for the—for violating the conditions of Post Release Control imposed by the Parole Board.

* * * *

(Tr. Motion Hearing and Sentencing, 27).

{¶6}   The Judgment Entry of Prison Sentence of September 15, 2014 stated in pertinent part:

* * * *

The defendant is notified that as part of this sentence after completion of the prison term, he shall be subject to a mandatory period of supervision, Post–Release Control, of five years on Count One, and a mandatory period of supervision, Post–Release Control of three years on Count Two. Post–Release Control is optional on Counts Four and Five. For violating Post-release Control conditions, the Adult Parole Authority or Parole Board may impose a more restrictive or longer control sanction, or return the defendant to prison for up to a maximum of 50% of the stated term. If the violation is a new felony, the defendant may receive a new prison term of the greater of

one (1) year or the time remaining on Post-release Control, in addition to any prison sentence imposed on the new felony.

* * * *

{¶7}   The trial court did not specify the terms of post-release control upon Counts IV and V, felonies of the third degree. In *State v. Williams*, 5th Dist. Delaware No. 14CAA100064, 2015-Ohio-3245, ¶ 30-31, we agreed with Williams that the trial court did not properly advise him of post-release control for Counts IV and V. We vacated the portion of Williams's sentence relating to post-release control and remanded the matter to the trial court for proper imposition of post-release control. *Id.* at ¶ 32-33.

{¶8}   The trial court held a resentencing hearing on December 21, 2015 for the purposes of imposing the correct term of post-release control. At the resentencing hearing, the trial court informed Williams that on Counts IV and V, he was subject to a period of post-release control "up to three years." (Tr. 31).

{¶9}   The trial court filed its Judgment Entry of Re-Sentencing on December 22, 2015. In the judgment entry, the trial court stated, "[p]ost-release Control is an optional period of three years on Counts Four and Five."

{¶10} Williams again appeals the trial court's failure to properly impose post-release control on Counts IV and V.

## ASSIGNMENT OF ERROR

{¶1}   Williams raises one Assignment of Error:

{¶2}   "THE TRIAL COURT INCORRECTLY STATED THE TERMS OF DISCRETIONARY POST-RELEASE CONTROL ON WILLIAMS' THIRD-DEGREE FELONY CONVICTIONS, IN WILLIAM'S [SIC] RESENTENCING ENTRY."

**ANALYSIS**

{¶3}   Williams argues in his sole Assignment of Error that the trial court incorrectly stated the terms of the post-release control for Counts IV and V in the December 22, 2015 resentencing judgment entry. We agree.

{¶4}   Counts IV and V are third-degree felonies. R.C. 2967.28(C) states in pertinent part: "Any sentence to a prison term for a felony of the third, fourth, or fifth degree * * * * shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender." We are required by the Ohio Supreme Court, pursuant to R.C. 2953.08(G)(2), to " * * * examine the sentencing court's compliance with all the applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *State v. Smalls*, 5th Dist. Stark No.2013CA00086, 2013–Ohio–5674, ¶¶ 15–16, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, ¶ 4. The trial court's notification did not comply with R.C. 2967.28(C).

{¶5}   The Ohio Supreme Court has held that if post-release control was not properly rendered, the offending portion of the sentence dealing with post-release control is subject to review and correction. *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332; *State v. Bezak*, 114 Ohio St.3d 94, 2007–Ohio–3250, 868 N.E.2d 961. There is no dispute the trial court accurately gave Williams notification of post-release control at the resentencing hearing. The trial court, however, did not incorporate the correct notice in the resentencing judgment entry. Pursuant to the Ohio Supreme Court's

decision in *State v. Qualls*, where notification of post-release control was accurately given at the sentencing hearing, an inadvertent failure to incorporate that notice into the sentencing entry may be corrected by a nunc pro tunc entry without a new sentencing hearing. *Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 15.

## CONCLUSION

{¶6}   We sustain Williams's Assignment of Error as to the trial court's incorrect notification of post-release control for Counts IV and V in the December 22, 2015 resentencing judgment entry. We vacate the portion of the December 22, 2015 resentencing judgment entry relating to the imposition of post-release control on Counts IV and V. The matter is remanded to the trial court to correct the omission with a nunc pro tunc resentencing judgment entry.

By:  Delaney, J.,

Gwin, P.J. and

Wise, J., concur.