[Cite as *State v. Burrell*, 2017-Ohio-1041.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104593

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEMETRIUS A. BURRELL

DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-599176-A

**BEFORE:** Celebrezze, J., E.A. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** March 23, 2017

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
820 West Superior Avenue, Suite 800
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:     Sherrie S. Royster
          Frank Romeo Zeleznikar
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Defendant-appellant, Demetrius Burrell ("appellant"), brings this appeal challenging the trial court's imposition of consecutive sentences. Specifically, appellant argues that the trial court erred by imposing consecutive sentences because the court failed to incorporate the requisite R.C. 2929.14(C)(4) findings into its sentencing journal entry. After a thorough review of the record and law, we affirm the trial court's judgment and remand the matter for further proceedings consistent with this opinion.

## I. Factual and Procedural History

**{¶2}** In Cuyahoga C.P. No. CR-15-599176-A, the Cuyahoga County Grand Jury returned a ten-count indictment against appellant pertaining to conduct he engaged in with his girlfriend's daughter ("victim"). The victim was 12 years old at the time appellant committed the offenses.

**{¶3}** On March 29, 2016, appellant pled guilty to (1) rape, in violation of R.C. 2907.02(A)(1)(b); (2) rape, in violation of R.C. 2907.02(A)(1)(b); (3) rape, in violation of R.C. 2907.02(A)(2), with a one-year firearm specification; (4) rape, in violation of R.C. 2907.02(A)(1)(b); (5) gross sexual imposition, in violation of R.C. 2907.05(A)(4); and (6) having weapons while under disability, in violation of R.C. 2923.13(A)(2). Furthermore, on the same day, appellant pled guilty in Cuyahoga C.P. No. CR-15-599145-A to escape, in violation of R.C. 2921.34(A)(3). At the close of the change in plea hearing, the trial

court ordered a presentence investigation report and referred appellant to the court psychiatric clinic for a mitigation of penalty report.

{¶4} On May 18, 2016, the trial court held a sentencing hearing. The trial court heard from the state, a counselor and advocate for the victim, defense counsel, and appellant. In CR-15-599176-A, the trial court imposed an aggregate prison sentence of 41 years to life: ten years to life on Count 1; ten years to life on Count 2; ten years on Count 3 to be served consecutively with the one-year firearm specification; ten years to life on Count 4; three years on Count 6; and two years on Count 10. The trial court ordered appellant to serve Counts 1-4 consecutively to one another and Counts 6 and 10 concurrently to the other counts. The trial court ordered appellant to register as a Tier III sex offender, imposing in-person registration every 90 days for life.

{¶5} In CR-15-599145-A, the trial court sentenced appellant to a prison term of one year on the escape count, and ordered this one-year sentence to run concurrently with appellant's sentence in CR-15-599176-A.

{¶6} Appellant filed the instant appeal challenging the trial court's imposition of consecutive sentences. He assigns one error for review:

> I. The trial court erred by ordering [a]ppellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and H[.]B[.] 86.

## II. Law and Analysis

### A. Consecutive Sentences

{¶7} In his sole assignment of error, appellant argues that the trial court erred by imposing consecutive sentences because it did not incorporate its requisite R.C. 2929.14(C)(4) findings into its sentencing journal entry.

{¶8} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

{¶9} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses

of conduct adequately reflects the seriousness of the offender's conduct.

(_) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). Further, the reviewing court must be able to discern that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29. A trial court is not, however, required to state its reasons to support its findings, nor is it required to give a rote recitation of the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

{¶11} In the instant matter, appellant concedes that the trial court made the requisite R.C. 2929.14(C)(4) findings during the sentencing hearing: "[appellant] seeks to have this Honorable Court modify his sentence and order that all counts be served concurrently, recognizing that the trial court made the findings at the sentencing hearing" and "[c]ounsel recognizes that the trial court made findings at the sentencing hearing[.]" Appellant's brief at 7 and 13.

{¶12} The record reflects that the trial court made the requisite R.C. 2929.14(C)(4) findings in support of its imposition of consecutive sentences. In making the first finding, the trial court stated, "[i]n finding consecutive sentences or in imposing consecutive sentences rather, the court does find that consecutive sentences are necessary to protect the public from future crime and to punish the offender." (Tr. 31.) In making the second finding, the trial court stated that "the court finds that such sentences are not disproportionate to the seriousness of the conduct and to the danger [appellant] poses to the public." (Tr. 31.) Regarding the third finding, the trial court found that R.C. 2929.14(C)(4)(b) applied:

> I do find that these offenses were separate offenses committed as part of multiple courses of conduct, and the harm caused by the offenses committed was so great that no single prison term for any of the offenses that were committed as part of those courses of conduct adequately reflects the seriousness of the conduct by [appellant].

(Tr. 32.)

{¶13} The trial court stated that it considered the statements from the state, defense counsel, and appellant. The prosecutor explained that over the past six years,

> [appellant] started off by touching the victim, touching her breast, touching her vaginal area, and then that later increased to full-blown sex with the victim. [Appellant] would pull out a semiautomatic handgun and warn [the victim] not to tell anybody what was happening or else he would hurt her and he would hurt her family.

(Tr. 21.) The prosecutor further stated that appellant impregnated the 12-year-old victim and that the victim "was forced to go to a clinic and have an abortion. It has affected her life dramatically, even including suicide attempts." (Tr. 22.) The trial court stated that

it considered the victim impact statement that the victim's advocate and counselor presented. The trial court considered the presentence investigation report, the court psychiatric clinic's mitigation report, and a report authored by appellant's private doctor. The trial court stated that it "considered the purposes and principles of felony sentencing including all seriousness and recidivism factors." (Tr. 30.)

**{¶14}** Based on the foregoing analysis, we conclude that the trial court made the appropriate consecutive sentence findings and engaged in the analysis required under R.C. 2929.14(C)(4). It is undisputed, however, that the trial court did not incorporate its findings into its May 20, 2016 sentencing journal entry, as required by *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 37. The trial court's sentencing journal entry provides, in relevant part, "Counts 1, 2, 3 and 4 are to run consecutive."

**{¶15}** Appellant requests that we vacate the trial court's consecutive sentences and order his sentences to run concurrently based on the trial court's failure to incorporate its findings into its sentencing entry. On the other hand, the state contends that the proper remedy is a nunc pro tunc entry, rather than a modification of appellant's sentence. We agree with the state.

**{¶16}** The Ohio Supreme Court has distinguished between cases in which a trial court failed to make the required consecutive sentence findings at the sentencing hearing and cases in which a trial court properly made the required findings at the sentencing hearing but failed to incorporate its findings into the sentencing journal entry. *See Bonnell*. Regarding the former, the Ohio Supreme Court has held that a trial court

cannot correct its failure to make the required findings at the sentencing hearing by issuing a nunc pro tunc entry. *Bonnell* at ¶ 30, citing *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 16. On the other hand,

> [a] trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry *after properly making those findings at the sentencing hearing* does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court.

(Emphasis added.) *Id.*, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 15.

{¶17} Accordingly, we conclude that the trial court made the appropriate consecutive sentence findings and engaged in the analysis required under R.C. 2929.14(C)(4). Furthermore, we cannot "clearly and convincingly" find that the record does not support the trial court's findings. However, we remand the matter to the trial court for the limited purpose of issuing a nunc pro tunc journal entry incorporating its consecutive sentence findings. *See Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at syllabus.

{¶18} Appellant's sole assignment of error is overruled.

### III. Conclusion

{¶19} After thoroughly reviewing the record, we affirm appellant's sentence. The trial court made the required findings for the imposition of consecutive sentences and the court's findings are supported by the record. However, we remand the matter for the

sole purpose of the trial court issuing a nunc pro tunc entry incorporating its findings for the consecutive sentences into its sentencing journal entry.

{¶20} Judgment affirmed. Case is remanded for the limited purpose of having the trial court incorporate, nunc pro tunc, its consecutive sentence findings into its sentencing journal entry.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

EILEEN A. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR