[Cite as *State v. Reed*, 2019-Ohio-2544.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| --- | --- | --- |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.    29284 |
| --- | --- |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LAWRENCE W. REED | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 07-05-1385 |

DECISION AND JOURNAL ENTRY

Dated: June 26, 2019

HENSAL, Judge.

{¶1}   Lawrence Reed appeals a judgment of the Summit County Court of Common Pleas that denied his motion to vacate and release from post-release control supervision.  For the following reasons, this Court reverses.

I.

{¶2}   In 2007, Mr. Reed pleaded guilty to and was convicted of multiple offenses.  The trial court sentenced him to four years imprisonment.  Although he completed his sentence in this case in 2011, he remained imprisoned for other offenses until March 2019.

{¶3}   In November 2018, Mr. Reed filed a motion to vacate and release from post-release control supervision, arguing that, although the trial court had informed him that he would be subject to a period of post-release control following his release, it failed to notify him about the consequences he could face for violating post-release control.  He, therefore argued that the

court's imposition of post-release control was void. He also argued that, because he had already completed his four-year sentence, the court could not correct its mistake.

{¶4} The trial court denied Mr. Reed's motion, finding that it had, in fact, informed Mr. Reed of his post-release control conditions. Mr. Reed has appealed, assigning as error that the trial court incorrectly denied his motion to vacate.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO VACATE AND RELEASE FROM POST-RELEASE CONTROL SUPERVISION. THE SENTENCING JOURNAL DID NOT INCLUDE OR PROVIDE APPELLANT WITH STATUTORILY COMPLIANT NOTIFICATION OF POST RELEASE CONTROL SUPERVISION CONSEQUENCES, NOR DID THE TRIAL COURT ALLOCATE AUTHORITY/JURISDICTION TO THE OHIO ADULT PAROLE AUTHORITY TO ENFORCE POST-RELEASE CONTROL SANCTIONS, THUS FAILING TO COMPLY WITH SEPARATION-OF-POWERS, AND FULFILL ALL STATUTORY REQUIREMENTS OF POST-RELEASE CONTROL TO BE INCLUDED IN APPELLANT'S SENTENCING JOURNAL ENTRY.

{¶5} Mr. Reed argues that the trial court failed to give him the proper post-release control notifications or incorporate them into its sentencing entry. He also argues that, since he has completed his sentence for the offenses in this case, the trial court does not have jurisdiction to resentence him.[1]

{¶6} "[I]n order to comply with separation-of-powers concerns and to fulfill the requirements of the postrelease-control-sentencing statutes, * * * a trial court must provide

---

[1] Although Mr. Reed completed his sentence for the offenses in this case in 2011, at which point the court lost the ability to impose post-release control, he remained incarcerated on other matters. Post-release control does not commence until action by the parole board "after the offender's release from imprisonment." R.C. 2967.28(B); *State v. Bigelow*, 6th Dist. Lucas No. L-17-1306, 2018-Ohio-3508, ¶ 3 (explaining that that post-release control period begins upon defendant's ultimate release from imprisonment). Thus, Mr. Reed's argument is not moot.

statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18, citing R.C. 2929.19(B) and 2967.28. This includes "notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *Id*. The trial court must also "incorporate into the sentencing entry the postrelease-control notice to reflect the notification that was given at the sentencing hearing[,]" which includes incorporating the consequences of violating post-release control. *Id*. at ¶ 19; *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶ 11 ("[T]he imposed post-release control sanctions are to be included in the judgment entry journalized by the court."); *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 1. "A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at paragraph one of the syllabus.

{¶7} The trial court's sentencing entry indicates that, after Mr. Reed's release from prison, he is ordered to serve three years of post-release control.[2] The entry, however, does not incorporate the consequences of violating post-release control in any way. *See Grimes* at ¶ 16-19. The Ohio Supreme Court has recognized that, "unless a sentencing entry that did not include notification of the imposition of postrelease control is corrected before the defendant completed the prison term for the offense for which postrelease control was to be imposed, postrelease control cannot be imposed." *Qualls* at ¶ 16; *Grimes* at ¶ 15. This includes correcting a

---

[2] The record does not contain a transcript of Mr. Reed's sentencing hearing, so we must presume that the trial court provided the appropriate notifications at that hearing. *State v. Figueroa*, 9th Dist. Lorain No. 15CA010856, 2016-Ohio-6969, ¶ 7.

sentencing entry through a nunc pro tunc entry "to reflect what actually took place at the sentencing hearing[.]" *Qualls* at ¶ 24.

**{¶8}** The State concedes that Mr. Reed's sentencing entry does not include the consequences of a post-release control violation. It also concedes that Mr. Reed has been released from prison and that the trial court cannot resentence him. Upon review of the record, we agree that the trial court did not properly incorporate the statutorily required post-release control notices into its sentencing entry. Accordingly, the trial court incorrectly denied Mr. Reed's motion to vacate. Mr. Reed's assignment of error is sustained.

III.

**{¶9}** Mr. Reed's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,<br>and cause remanded.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
CARR, J.
CONCUR.

APPEARANCES:

LAWRENCE W. REED, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.